UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P579-S

**CEDRIC ALLEN GRADY**                                              **PLAINTIFF**

**v.**

**THOMAS VA DE ROSTYNE**                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cedric Allen Grady filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff is an inmate at the Louisville Metro Department of Corrections. He sues Thomas Van De Rostyne,[1] an Assistant Commonwealth's Attorney, in his individual and official capacities. As relief, Plaintiff seeks money damages and requests that the Court "investigate this claim and assist me in regaining my freedom."

Plaintiff states that he was prosecuted on charges of first-degree robbery, assault second, possession of a handgun by a felon, and theft by unlawful taking over three hundred dollars. He states that Defendant prosecuted him at trial. Plaintiff was convicted and sentenced to 70 years in prison. Plaintiff states that on direct appeal to the Kentucky Supreme Court the case was remanded for a new trial "for reasons not directly to the foregoing complaint."

---

[1]Plaintiff states Defendant's last name in the caption as Va De Rostyne and later in the complaint states his last name as Van De Rostyne. The Court takes judicial notice that the correct spelling of Defendant's last name is Van De Rostyne.

Plaintiff further states that Defendant "with malice knowingly voluntarily and intelligently" prosecuted his case "with full knowledge that one ct. of robbery and one ct. second assault were never brought before the attion of the grand jury." He states that no witness gave testimony before the grand jury regarding these counts. Plaintiff states that the Commonwealth failed to call Detective Kenny Brown to testify at his "identification supresion hearing" and this violated his right to cross-examine his accuser. When Brown testified at Plaintiff's trial, his testimony refuted the claims made by the victim, and Plaintiff states that this explains why the Commonwealth did not call Brown to testify before the Grand Jury.

Plaintiff further states that the Commonwealth conceded that it prosecuted the case without testimony or evidence sufficient to obtain an indictment. He states that the trial court allowed the Commonwealth to seek a new indictment on the said charges using the identification testimony from the trial which the Kentucky Supreme Court remanded. In so doing, Plaintiff states that the Commonwealth attempts to circumvent the Kentucky Supreme Court's ruling that the Commonwealth used tainted testimony at trial and that a finding of fact be made before said evidence can be used in a subsequent trial. Plaintiff states that these actions violated his Sixth, Eighth, and Fourteenth Amendment rights.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff's claims against Defendant, the prosecuting attorney, are barred. Plaintiff's claims against Defendant relate to his conduct in his role as an advocate. To the extent a prosecutorial defendant was acting in his role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, he enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson,* 330 F.3d 791, 797 (6th Cir. 2003)*; Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th

Cir. 1989) (holding that prosecutors were absolutely immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).  Absolute immunity applies to "acts . . . including the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Spurlock,* 330 F.3d at 797 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  Moreover, federal courts have no general power to compel action by state officers in the performance of their duties.  *More v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

      Plaintiff's claims against Defendant arise out of his role in presenting evidence before the grand jury and at trial as a prosecutor.  Defendant is entitled to absolute immunity for these actions.  Therefore, Plaintiff's complaint against Defendant will be dismissed for failure to state a claim.

      To the extent that Plaintiff challenges the validity of his confinement, he may wish to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The **Clerk of Court is DIRECTED** to send Plaintiff a blank form for filing a § 2254 petition should he wish to file such an action.  The Court notes that Plaintiff must exhaust all available state remedies or demonstrate their inadequacies before a federal court may grant habeas corpus relief.  28 U.S.C.

4

§ 2254(b);[2] *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

The Court will enter a separate Order dismissing the action.

Date: March 5, 2012

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
4411.010

---

[2] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.